IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



**UNITED STATES OF AMERICA**

v.                                                                   Criminal No. **3:07CR432**

**GREGORY ALLEN LEBERT,**

   Petitioner.

## MEMORANDUM OPINION

Petitioner, a federal inmate proceeding with counsel, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Petitioner asserted that, in light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), his enhanced sentence under the United States Sentencing Guidelines ("USSG") as a career offender is unconstitutional.[1] "Recently, the Supreme Court concluded that the Guidelines are not subject to a vagueness challenge under the Due Process Clause. . . . *Johnson*'s vagueness holding does not apply to the residual clause in [USSG] § 4B1.2(a)(2)." *United States v. Lee*, 855 F.3d 244, 246–47 (4th Cir. 2017) (citing *Beckles v. United States*, 137 S. Ct. 886, 892–94 (2017)). Thus,

---

[1] As the Supreme Court has noted,

> [u]nder the Armed Career Criminal Act ["ACCA"] of 1984, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony," a term defined to include any felony that *"involves conduct that presents a serious potential risk of physical injury to another."*

*Johnson*, 135 S. Ct. at 2555 (emphasis added) (quoting 18 U.S.C. § 924(e)(2)(B)). This part of the definition of violent felony "ha[s] come to be known as the Act's residual clause." *Id.* at 2556. The *Johnson* Court held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." *Id.* at 2563.

Petitioner's claim lacks merit.² Accordingly, the Government's Motion to Dismiss (ECF No. 55) will be GRANTED. The § 2255 Motion (ECF No. 46) will be DENIED. The action will be DISMISSED. A certificate of appealabilty will be DENIED.³

An appropriate Order shall issue.

/s/ M. Hannah Lauck
M. Hannah Lauck
United States District Judge

Date: MAY 2 2 2017
Richmond, Virginia

---

² Petitioner also contends that: (1) USSG § 4B1.2(a)'s commentary listing robbery as a "crime of violence" should be disregarded in light of *Johnson* (§ 2255 Mot. 11–15), and (2) Petitioner's prior convictions for Florida robbery and lewd and lascivious assault do not qualify as "crime[s] of violence" under USSG § 4B1.2(a)'s force clause. (*Id.* at 15–19.) However, these challenges to his career offender enhancement under the guidelines are not cognizable under 28 U.S.C. § 2255. *See Lee*, 855 F.3d at 246–47; *United States v. Foote*, 784 F.3d 931, 939–43 (4th Cir. 2015) (holding that career offender designation is not a fundamental defect that results in a complete miscarriage of justice to warrant review of a sentence), *cert. denied*, 135 S. Ct. 2850 (2017); *United States v. Pregent*, 190 F.3d 279, 283–84 (4th Cir. 1999) (explaining that "barring extraordinary circumstances" error in the calculation of sentencing guidelines not cognizable in a § 2255 motion).

³ An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Petitioner has not satisfied this standard.